IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 1 0 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| MONTRAY LORENZO CATO, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:15-CV-078-A |
| | § | (NO. 4:12-CR-194-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for consideration and decision is the
motion filed by movant, Montray Lorenzo Cato, under 28 U.S.C.
§ 2255 to vacate, set aside, or correct sentence by a person in
federal custody.  After having considered such motion, the
government's response thereto, pertinent parts of the record in
Criminal Case No. 4:12-CR-194-A, and relevant legal authorities,
the court has concluded that such motion should be denied.

I.

Background

On November 19, 2012, movant was found guilty by a jury of
two counts of bank robbery.  He was sentenced March 1, 2013, to a
term of imprisonment of 120 months as to each count, to run
concurrently, and a term of supervised release of three years as
to each count, to run concurrently.

Movant appealed his sentence to the United States Court of Appeals for the Fifth Circuit, which affirmed by an opinion issued February 17, 2014.  His § 2255 motion was filed February 2, 2015, to which the government responded on March 3, 2015.

II.

### The Grounds of Movant's § 2255 Motion

Movant asserted four grounds for relief in his § 2255 motion.  Each ground was: "That my trial counsel rendered ineffective assistance of counsel."  Doc. 1 at 5-9.[1]

The "specific facts" recited by movant in support of his Ground One were as follows:

> In violation of my Fifth, Sixth, and Fourteenth Amendment rights, of Due Process, Effective Assistance of counsel.  The same attorney that represented me at trial filed my direct appeal an[d] argued issues in my appeal brief that he did not challenge or procedurally preserve in the lower district court.  Or even object to either.  These errors clearly affected my substantial rights, and are therefore ripe for litigation in a properly filed 2255 motion.

Id. at 5 (errors in original).  The "specific facts" recited by movant in support of his Ground Two were as follows:

> In violation of my Sixth, Fifth, and Fourteenth Amendment rights, of Due Process, Effective Assistance

---

[1]The "Doc. ___" references are to the numbers assigned to the referenced items on the clerk's docket in this Case No. 4:15-CV-078-A.  The "Case No. 4:12-CR-194-A, Doc. ___" references are to the numbers assigned to the referenced items on the clerk's docket in Case No. 4:12-CR-194-A.

of Counsel.  By letting me be a victim of an
impermissible, suggestive identification lineup inside
of the district court room.  By allowing one of the
main eyewitnesses to the first bank robbery charge look
at me sit inside the jury box before my trial started.
In then after that happen I was called up to the table
me and my counsel to plea not guilt to the charges and
the eyewitness looked at me the hole time.  This all
happen right before she was sworn in.  So she new who I
was before she took the stand and testifyed against me.
The other eyewitness to the second bank robbery count
was not present at this time.  She was not there but
when my trial started she came to testify and did not
Identify me as the person that she seen commit the
robbery at the bank.  My counsel did not object to the
errors at my trial.  <u>It's all on record on my trial
transcripts.</u>

<u>Id.</u> at 6-7 (errors in original).  His "specific facts" in support

of his Ground Three were stated by movant as follows:

> In violation of my Fifth, Sixth, and Fourteenth
> Amendment rights, of Due Process, Effective Assistance
> of Counsel.  The same attorney did not notice at trial
> that the witness to the second bank robbery did not
> raise her hand when she took the stand under oath to
> testify at the trial.  The other witnesses raised there
> right hands to be sworn and right before the trial
> started but witness Ciarra Evans the witness did not
> raise her hand before she took the oath and testify in
> she was not there when the other witnessess was sworn
> in.

<u>Id.</u> at 8 (errors in original).  And, his "specific facts" in

support of his Ground Four were stated by movant as follows:

> In violation of my Sixth, Fifth, and Fourteenth
> Amendment rights, of Due Process, Effective Assistance
> of Counsel.  The same attorney that represented me at
> trial challenged an issue on my direct appeal claiming
> that trial court errored by requiring me to sit in
> front of the jury for the trial instead of granting the
> government request for the jury to view me for a few

3

seconds.  Claiming I was a victim of an impermissibly
suggestive lineup.  But the Fifth Circuit Court of
Appeals said and the opinion from my appeal that my
trial counsel <u>did</u> <u>not</u> challenge the issues in the lower
district court first.  Before he challenge on my direct
appeal.  So he did not preserve the issue to challenge
it on my direct appeal.

<u>Id.</u> at 9 (errors in original).

III.

<u>Analysis</u>

A.   <u>Pertinent Legal Principles</u>

    1.   <u>Principles Applicable to a 2255 Motion</u>

After conviction and exhaustion, or waiver, of any right to

appeal, courts are entitled to presume that a defendant stands

fairly and finally convicted.  <u>United States v. Frady</u>, 456 U.S.

152, 164-165 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32

(5th Cir. 1991).  A defendant can challenge her conviction or

sentence after it is presumed final on issues of constitutional

or jurisdictional magnitude only, and may not raise an issue for

the first time on collateral review without showing both "cause"

for her procedural default and "actual prejudice" resulting from

the errors.  <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial

errors.  It is reserved for transgressions of constitutional

rights and other narrow injuries that could not have been raised

on direct appeal and would, if condoned, result in a complete

4

miscarriage of justice.  United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

    2.   Ineffective Assistance of Counsel Claims

    To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984).  Both prongs of the Strickland test must be met to demonstrate ineffective assistance.  Id. at 697.  Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one."  United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 131 S. Ct. 770, 792 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (quoting Strickland, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be

highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide
range of reasonable professional assistance.  <u>Strickland</u>, 466
U.S. at 689.

B.    <u>The Grounds of the Motion Are Without Merit</u>

    1.   <u>Ground One</u>

    Apparently movant's Ground One is prompted by the statement
of the Fifth Circuit in its February 17, 2014 opinion that "Cato
did not challenge the decision in the district court," having
reference to the district court's decision to cause movant to be
seated near the jury instead of having him stand in front of the
jury for a short time.  Case No. 4:12-CR-194-A, Doc. 72 at 1-2.
Movant contended in the Fifth Circuit that the seating
arrangement prevented the jury from seeing movant's face.  <u>Id.</u> at
2.  The opinion of the Fifth Circuit reflects that movant's trial
counsel's failure to challenge the district court's decision did
not adversely affect movant's appellate rights.  The Fifth
Circuit directly confronted, and decided, the issue even though
there had not been a district court challenge.  The Fifth Circuit
said, and held, that:

> The record confirms that the jury did not have an
> opportunity to clearly see Cato's face.  However,
> nothing indicates that the jury's view was obstructed
> as a result of the seating arrangement.  Rather, Cato
> intentionally hid his face throughout the trial.

Id.

Inasmuch as movant has not adduced any evidence of improper conduct on the part of his attorney related to the complaint he makes in his Ground One, or that he suffered any prejudice from the conduct about which he complains in that ground, the court concludes that movant's Ground One is without merit.

    2.   Ground Two

Movant's Ground Two complaint's "specific facts" are conclusory. Moreover, even if the witness to whom movant refers in his Ground Two observed him in the courtroom before she took the witness stand, movant has not provided any evidence in support of his motion that would enable the court to conclude that the witness's identification of movant was influenced in any respect by such an observation. Nor has movant provided any evidence that would support a conclusion that his attorney conducted himself inappropriately by failing to make an issue of the fact that the witness might have seen movant in the courtroom before she took the stand to testify. Therefore, movant's Ground Two is without merit.

    3.   Ground Three

Movant's Ground Three claim is that one of the witnesses did not raise her hand when she took the oath before she testified. This ground is without merit. The record of the trial indicates

7

that the witness in question was administered the oath in the usual manner. Case No. 4:12-CR-194-A, Doc. 64 at 5. The court instructed the witness, "[r]aise your right hand to be sworn as a witness," immediately after which she was sworn. Id. Presumably she complied with the court's instruction. Furthermore, the movement of the witness's hand as she took the oath has no legal significance. Movant's Ground Three is without merit.

    4. <u>Ground Four</u>

    Movant's Ground Four apparently is complaining that his trial counsel erred in not challenging in the trial court the decision of the court to have him be seated near the jury so that such a challenge could be presented on his appeal. The trial record reflects, as the Fifth Circuit found in its opinion on appeal, Case No. 4:12-CR-194-A, Doc. 72 at 2, throughout the trial movant intentionally hid his face. Id. This claim is meritless because there is no rational basis for claiming that the placement of defendant at counsel table during trial had any adverse effect on the jury's evaluation of whether defendant was the bank robber. Wherever he was seated, he covered up his face. The jury would have been influenced by that fact, no matter the seating arrangement.

IV.

Order

For the reasons stated above,

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody, be, and is hereby, denied.

\* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 10, 2015.

JOHN McBRYDE
United States District Judge

9